IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAUL SOHI, | : | CASE NO. 1:15 CV 563 |
| Plaintiff, | : | JUDGE SANDRA S. BECKWITH |
| | | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| DIVERSIFIED ADJUSTMENT SERVICE | : | **OBJECTIONS TO MAGISTRATE'S** |
| INC., | | **REPORT AND RECOMMENDATION** |
| Defendant. | | |

Now, comes plaintiff and files his objection to ORDER and REPORT AND RECOMMENDATION of the Magistrate.

**COUNT 1:** PLAINTIFF CAN NOT BE DENIED ORAL ARGUMENT.

Denial of Oral Arguments offends due process requirement of the fifth amendment to the United States constitution.

Magistrate denied plaintiff's numerous requests for oral arguments based upon:

A. Magistrate "Felt" that the case is not complex: In other words due process to law for permitting a motion for oral arguments has a new standard based on the "complexity" of the case at hand. This position is arbitrary and is unsupported in law.
B. Magistrate states that the matter is fully briefed, even though genuine material facts of disputes were not briefed and were in controversy. This essentially denies plaintiff for his day in Court.

Magistrate finds that "Plaintiff arguments in support of his motion to strike affidavits are difficult to follow" Yet a denial of Oral arguments, which could clear Court's difficulty of understanding. Magistrate's finding is contrary to Courts' statement that the case is fully

briefed even though it is difficult to understand the fully briefed case. See Page 9, Paragraph one of Magistrate's ORDER.

## COUNT 2: PLAINTIFF OBJECTS TO THE CASE BEING RULED UPON BY THE MAGISTRATE AND NOT BY THE JUDGE

Plaintiff is not aware that he conceded to assignment of the case to the Magistrate.

The case should have been heard by the Judge.

## COUNT 3: PLAINTIFF'S MOTION TO STRIKE AFFDAVIT OF JIRK AND ALCORN HAVE VALID REASON

Magistrate finding that glaring perjury in an affidavit can survive defectiveness under Rule 56(c)(4) is simply misplaced. Jirk affidavit states that he NEVER received any correspondence, yet his exhibit appended to the affidavit states he did receive correspondence. Which one is the truth, did he receive it or did he not receive it? There is only one statement that is true. The other is a lie. Defendant never offered any support or evidence that Jirk did not lie under oath.

The observation of Magistrate that Jirk must have thought it meant within 30 days from sending a first, original letter to defendant that Rodgers affidavit states she never received. This creates a genuine issue of fact and is the crux of this case.

Defendant did not produce USPS certificate of posting or USPS return receipt of any certified letter or any evidence to support a position that they sent the original initial letter to Plaintiff. Accordingly, defendants claim, because they never received any dispute to the original letter within 30 days, they acted properly to report the alleged debt to the credit reporting agencies.

This is where magistrate's finding is misplaced. Plaintiff was never served with any initial letter, which had specific 30 days toll period for any dispute from the plaintiff.

2

Had defendant sent this initial letter to Plaintiff; Plaintiff could have responded back to the defendant in writing within 30 days of receipt and disputed the alleged account. This would have foreclosed the opportunity for the defendants to publish the matter as collection account to anyone, because it is disputed by the Plaintiff. Magistrate incorrectly assumes that defendant must have sent this original letter (because it was never returned back) without any supporting evidence and in wake of Roger's affidavit. This assumption sets a dangerous precedent for the consumers, because defendant and others similarly placed can indiscriminately report negative information against a consumer and later claim that no one disputed the initial letter within 30 days. Logic dictates such letters must be sent via certified letter or under certificate of posting.

Defendant was reckless in its conduct of business. Magistrate has failed to recognize this finding.

Affidavit of Rogers states that she never received any correspondence from the defendants prior to reporting the matter

Magistrate finds that Rogers affidavit cannot overcome the affidavit of Jirk on the count if the original letter was sent or not.

Magistrate further concludes that if a letter is not returned, then it must have landed in the right mail box and must have been sent. This imaginary and conjecture finding is simply not supported in the documents filed in the instant case and is prejudicial to plaintiff.

**COUNT 4:** SUMMERY JUDGEMENT IS IMPROPER WHERE CASE IS NOT FULLY BRIEFED AND ISSUES OF CONTROVERSY HAVE NOT BEEN RESOLVED:

Case is not fully briefed.

Affidavit of Rodgers raises questions, rather than settles them. Defendant reported a paid account (Paid account should reflect an $ 0.00 amount) Defendant published a different amount, other than $0.00; without communication with the defendant. This qualifies for 1692e(2)(a) "communicating or threatening to communicate to any person credit information which is known

3

or which should be known to be false, including the failure to communicate that a disputed debt is disputed"

If the defendant never sent the initial letter to the Plaintiff, they failed to communicate with the Plaintiff and accordingly that failure raises liability under 1692(e)(8)

Failure to send the initial letter by the defendant constitutes deceptive means to collect the debt 1692 e (10) Magistrate cannot find a single documents that supports and verifies by evidence this dispute, to wit.: Did the defendant send the first initial original letter to Plaintiff or not? To arrive at a conclusion based on conflicting affidavits, is not supported, as a matter of law.

Rodgers affidavits established firmly a genuine issue of material fact. As above, Celotex Corp. V Catrett, 477 U.S. 317, 327 (1986).

## **COUNT 5**    ATTORNEY FEES ARE UNRESONABLE, FINDING OF BAD FAITH IS MISPLACED

Declaration of Dr. Paul Sohi, has not been disputed by the defendants.

Attorneys of the defendants are being granted financial windfall by this Court at the expense of pro se litigant

Magistrate finding that Attorney of the defendants have not engaged in motion practice lacks support in the wake of numerous motions filed by the defendant with the Court that were not necessary.

Court must recognize the bootleg invoices submitted by the attorneys that required only one attorney for a complaint they claim as "Vague". The defense of a vague complaint does not require army of attorneys with an eye to seek support of this court for financial windfall.

4

**COUNT 6:** BOOTLEG INVOICES WERE NOT SCRUTINISED BY THE MAGISTRATE:

Magistrate failed to recognize attorney fraud and bootleg invoices submitted. Magistrate failed to recognize that fees submitted are unreasonable.

Court must recognize the bootleg invoices submitted by the attorneys that required only one attorney for a complaint they claim as "Vague". The defense of a vague complaint does not require army of attorney (Three in this case) with an eye to seek support of this court for financial windfall.

Magistrate did recognize that LKW was an attorney and was not identified, while others were found by the magistrate and identified by logic. If Magistrate could expose this error, and not others, like submitting attorney fees with a blanket affidavit from one of the three is faulty because how can one attorney provide affidavit for others work?

Failure of this Federal Court to pin down an hourly rate for attorneys seeking attorney fees violates due process of consumers, including that of the plaintiff herein, because legal consumers are being led into a dark tunnel where no one knows what a reasonable hourly rate is? Arguably, the skill of an attorney or experience may be taken into account; however that support is misplaced, because Federal Courts must then provide a **range** of reasonable fees to the consumers of legal system. Range from lower to higher. The Courts cannot create a blind spot for those that seek its intervention for Justice. Courts must not keep consumers in dark. If Courts award the attorney fees, it should also determine if those fees are genuine or not? This determination is crucial prior to indicating a specific judgement amount. Failure to engage in that process is nothing short of kidnapping consumers for ransom and violates due process of the Plaintiff. Courts must not engage in willfully injecting a sticker shock to a bootleg invoices that springs up when the situation is ripe for seeking such claims for attorney fees. Consumers of legal service in United States deserve better.

Plaintiff must have a right to depose the attorney regarding his bootleg invoices. On a given day when a specific attorney has charged the plaintiff over 8 hours of attorney work, plaintiff need to

5

know how many hours were charged to other clients on that same day? Plaintiff can also abbreviate they clients (Initials, likewise) to protect their confidentiality while cooperating to support their attorney fees.

This Federal Court must not participate in fraud of others and must allow plaintiff to question, in detail reasonability of their bootleg invoices and expose fraud, if one exists, and pay all reasonable costs where fraud does not exist. Denial to determine the reasonability of attorney fees, by plaintiff, who has to foot the bill, violates due process rights of the Plaintiff

RESPECTFULLY SUBMITTED,

_____
Paul Sohi
Plaintiff, prose
2600 Euclid Avenue
Cincinnati, Ohio 45219
Dr.paulsohi@gmail.com
Tel.   513 351 5000
Fax    513 672 9172

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I mailed/presented a copy of this document to the Clerk of Courts for filling. Upon the Clerk's office docketing of this pleading, notice of this filling will be sent through the Court's electronic system to all parties represented by attorneys who registered as users of the Court's ECF system

/s/  *Paul Sohi*  /s/

6